UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 26-44562 |
| DEXTER AVE DEVELOPMENT, LLC, | Chapter 11 |
| Debtor. / | Judge Thomas J. Tucker |

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On September 4, 2026, the Debtor filed a plan and disclosure statement, in a document entitled "First Amended Chapter 11 Combined Plan of Reorganization and Disclosure Statement of Dexter Ave Development, LLC" (Docket # 53). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document ("Disclosure Statement"). The Court notes the following problems, which the Debtor must correct.

1. On page 1 which contains the attorney block, the Debtor must change "Attorneys for Debtors" to "Attorneys for Debtor."

2. The Debtor must change "Debtor's'" to "Debtor's" everywhere it appears in the Plan and Disclosure Statement.

3. On page 10 of the Plan, in the description of Class II, the Debtor must change "Premium Home Realty, LLC" where it appears to "Premium Homes Realty LLC."

4. On pages 10-11 of the Plan, in the description of Class II, the Debtor states that Premium Homes Realty, LLC "holds a first priority lien in the real property located at 10340 Dexter." The Debtor must change this to state that Premium Homes Realty, LLC "holds a second priority lien (after the first priority lien of the Wayne County Treasurer) in the real property located at 10340 Dexter."

5. On page 12 of the Plan in the "Summary of Unsecured Creditors and Claims," the Debtor must replace "Premium Home Realty, LLC" with "Premium Homes Realty, LLC" in the creditor column.

6. In Article XIV on page 19 of the Plan, the Debtor must state: "The Effective Date is the fourteenth (14th) day after the date of the entry of an order confirming this Plan. In the event an appeal is filed, this Plan shall be effective as of the date the Order of Confirmation becomes final and binding upon all parties."

7. In paragraph II.B.2 of the Disclosure Statement on page 24, the Debtor states: "Raymond Cany [sic] will not take a salary and will receive draws when funds are available and the property has **full tenancy capacity**, which is estimated at the end of 2027. Canty estimates his draw will be approximately $5000.00 per month commencing in 2028. Debtor will not receive fringe benefits during the term of the plan." (Bold added). It is unclear what the Debtor means by "full tenant capacity." The Debtor must explain the meaning of this phrase. For example, does it mean that each space on the property is a condition such that it ready for a tenant to rent, or does it mean that each space available to rent is occupied by a tenant? The Debtor must also change "Cany" to "Canty."

8. In paragraph IV.C of the Disclosure Statement on page 30, the Debtor must change "do" to "does" and "believe" to "believes."

Accordingly,

IT IS ORDERED that no later than September 16, 2026, the Debtor must file an amended combined plan and disclosure statement entitled "Second Amended Chapter 11 Combined Plan of Reorganization and Disclosure Statement of Dexter Ave Development, LLC" that is consistent

with this Order.

IT IS FURTHER ORDERED that no later than September 16, 2026, the Debtor also must file a redlined version of the Second Amended Chapter 11 Combined Plan of Reorganization and Disclosure Statement of Dexter Ave Development, LLC, showing the changes the Debtor has made to the "First Chapter 11 Combined Plan of Reorganization and Disclosure Statement of Dexter Ave Development, LLC" filed September 4, 2026.

**Signed on September 11, 2026**

**/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**